## Summary of Admissions

**Defendant COUNTY OF KAUAI has made the following admissions in response to Plaintiff VERNA RITA's request for admissions:**

1. That on or about November 12, 2010, VERNA RITA was a resident of the COUNTY OF KAUAI, State of Hawaii.

2. That Defendant COUNTY OF KAUAI established, owns, and operates Puhi Park, a public park located at 2010 Nahema Street, in Lihue, COUNTY OF KAUAI, State of Hawaii.

3. That Defendant COUNTY OF KAUAI was responsible for the maintenance of the area of the fall where "this incident" occurred on November 12, 2010.

4. That on November 12, 2010 Plaintiff fell while on the premises of Puhi Park.

5. That Plaintiff VERNA RITA reported said fall to the Defendant.

6. That prior to November 12, 2010 Defendant had notice of a risk of harm to users of the "area of the fall".

7. That Defendant did not give any warning prior to "this incident" of the risk of harm which existed at the area where this incident occurred.

8. That prior to November 12, 2010, Defendant COUNTY OF KAUAI or its agents had notice of a risk of harm in the area of this fall.

9. That Plaintiff suffered bodily injury as a result of the fall on November 12, 2010.

10. That Plaintiff has incurred medical expenses as a result of "this incident".

11. That Plaintiff VERNA RITA has suffered pain as a result of the injuries from "this incident".

12. That as a result of the fall, VERNA RITA sustained injury.

13. That as a direct and proximate result of the fall, VERNA RITA has suffered the following:

    a.  Pain.

    b.  Injury to her right leg.

# EXHIBIT "1"

Civil No. 12-00605JMS-RLP
    Plaintiff Rita's
    Exhibit No. 43

14. That on November 12, 2010, there was water on the floor in the "area of the fall" at the time of "this incident".

15. That the floor in the "area of the fall" was slippery at the time of "this incident".

16. That the "Daily Maintenance Checklist for Ballfields" contains the Defendant's policy regarding the cleaning of the floor in the "area of the fall" in effect on the day of "this incident".

17. That the "Daily Maintenance Checklist for Ballfields" specifies that Defendant's policy regarding the cleaning of the floor in the "area of the fall" in effect on the day of "this incident" required the floor to be scrubbed with detergent, scouring pads, and water on a daily basis.

18. That Defendant COUNTY OF KAUAI had a duty to exercise reasonable care to maintain the Women's Handicap restroom at Puhi Park in a safe condition or to give adequate warning to persons reasonably anticipated to use the Women's Handicap restroom at Puhi Park.

19. That people like VERNA RITA were reasonably anticipated to use the Women's Handicap restroom at Puhi Park.

20. That Defendant COUNTY OF KAUAI had sufficient control over the Women's Handicap restroom at Puhi Park on November 12, 2010 to be able to take reasonable steps to remove the unreasonable risk of harm posed by the wet, slippery condition of the floor or to give adequate warning of that risk.

21. That Defendant COUNTY OF KAUAI had sufficient control over the Women's Handicap restroom at Puhi Park on November 12, 2010 to be able to take reasonable steps to remove the unreasonable risk of harm posed by the inaccessible condition or to give adequate warning of that risk.

22. That on or about November 12, 2010, Defendant COUNTY OF KAUAI was a public entity as defined by 28 C.F.R. Part 35, namely a municipal corporation organized and existing pursuant to, and by reason of, the laws of the State of Hawaii.

23. That on or about November 12, 2010, VERNA RITA had substantial impairment of a major life activity.

24. That on or about November 12, 2010, VERNA RITA came under the scope and protection of the ADA as a person with a disability.

25. That on or about November 12, 2010, VERNA RITA used a wheelchair for ambulation.

26.     That Puhi Park is a service, program, or activity of a public entity which falls within the scope of the ADA, 42 U.S.C. § 12101 et seq,, Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ["Section 504"], H.R.S. § 347-13(a) et seq., and H.R.S. § 489-1 et seq.

27.     That Defendants receive federal financial assistance and as such are subject to Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ["Section 504"], and the federal regulations promulgated thereto.

28.     That the COUNTY OF KAUAI, as a public entity, is required to operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities.

29.     That one form of discrimination prohibited by the Americans with Disabilities Act is the exclusion from a public entity's services, programs, or activities because of the inaccessibility of the entity's facility, in this case the Women's Handicap restroom at Puhi Park.

30.     That the Americans with Disabilities Act requires that no qualified individual with a disability be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity because a public entity's facilities are inaccessible to or unusable by individuals with disabilities.

31.     That a public entity is required by the Americans with Disabilities Act to maintain in operable working condition those features of facilities that are required to be readily accessible to and usable by persons with disabilities.

32.     That the COUNTY OF KAUAI was required by the Americans with Disabilities Act to maintain in operable working condition the Women's restroom at Puhi Park on the date of VERNA RITA'S fall, November 12, 2010.

33.     That the COUNTY OF KAUAI undertook structural changes to the Women's restroom at Puhi Park to comply with the obligations established under 28 U.S.C. § 35.150.

34.     That the "1991 Standards" means the requirements set forth in the ADA Standards for Accessible Design, originally published on July 26, 1991, and republished as Appendix D to 28 CFR part 36.

35.     That a public entity, in making alterations to existing buildings to comply with 28 U.S.C. § 35.150, is required to comply with the "1991 Standards".

36.     That the COUNTY OF KAUAI was required to comply with the "1991 Standards" with regard to its improvements to the Women's restroom at Puhi Park in Fiscal year 2003.

37. That the "1991 Standards" require that the slope of the side of the approach ramp to the entrance door of the Women's restroom at Puhi Park be no more than 5.7 degrees.

38. That the excessive slope of the side of the approach ramp to the entrance door of the Women's restroom at Puhi Park (i.e. 22.6 degrees vs. an ADA limitation of no more than 5.7 degrees) violates the minimum standards of the ADA as it applies to the COUNTY OF KAUAI.

39. That the "1991 Standards" require that the width of the approach ramp to the entrance door of the Women's restroom at Puhi Park be no less than 48 inches.

40. That the "1991 Standards" require that the horizontal landing in front of the entrance to the Women's restroom at Puhi Park extend at least 24 inches beyond the doorway.

41. That the horizontal landing in front of the entrance to the Women's restroom at Puhi Park terminated at the latch edge of the doorway on the date of VERNA RITA'S fall, November 12, 2010.

42. That Defendant COUNTY OF KAUAI was on notice of "this incident" immediately following the incident as a result of the emergency personnel from the Kauai Police Department and Kauai Fire Department who were summoned to the "area of the fall".

43. That the emergency personnel from the Kauai Police Department who were summoned to the "area of the fall" immediately following "this incident" were employees or agents of Defendant COUNTY OF KAUAI.

44. That the emergency personnel from the Kauai Fire Department who were summoned to the "area of the fall" immediately following "this incident" were employees or agents of Defendant COUNTY OF KAUAI.

45. That Plaintiff reported "this incident" to Defendant COUNTY OF KAUAI through its Office of the Mayor on or about December 10, 2010.

46. That Plaintiff completed and submitted to Defendant COUNTY OF KAUAI, the public entity's required "Americans With Disabilities Act Complaint Form" on December 21, 2010.

47. That Plaintiff submitted to Defendant COUNTY OF KAUAI, the public entity's required "Notice of Claim Against the COUNTY OF KAUAI" on May 5, 2011.

48. That the following exhibits are true and correct copies of bills from the following health care facilities/providers, and are authentic and admissible without any further testimony, subject to redaction.

      a.      EMS System Hawaii Department of Health - Bills

      b.      Wilcox Memorial Hospital - Bills

      c.      Wilcox Memorial Hospital - Outpatient Physical Therapy - Bills

      d.      Kauai Medical Clinic- Bills

      e.      St. Francis Home Care - Bills

      f.      KVMH West Kaua'i Clinics - Bills

      g.      Jason Kaneshige, M.D., Island Orthopedics, LLC - Bills

49.      That the following exhibits are true and correct summaries of the bills from the following health care facilities/providers, and are admissible without any further testimony.

      a.      EMS System Hawaii Department of Health - Summary

      b.      Wilcox Memorial Hospital - Summary

      c.      Wilcox Memorial Hospital - Outpatient Physical Therapy - Summary

      d.      Kauai Medical Clinic - Summary

      e.      St. Francis Home Care - Summary

      f.      Jason Kaneshige, M.D., Island Orthopaedics, LLC- Summary

50.      That the treatment received by VERNA RITA, and the charges therefor, as indicated on the bills from the following health care facilities/providers, were reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident.

      a.      EMS System Hawaii Department of Health - Bills

      b.      Wilcox Memorial Hospital - Bills

      c.      Wilcox Memorial Hospital - Outpatient Physical Therapy - Bills

      d.      Gammie Homecare, Inc. - Bills

      e.      St. Francis Home Care - Bills

51.     That the treatment received by VERNA RITA from the following health care facilities/providers, reflected on the summaries, was reasonable, appropriate, and necessary for the injuries sustained by VERNA RITA as a result of the subject incident.

    a.     EMS System Hawaii Department of Health - Summary

    b.     Wilcox Memorial Hospital - Summary

    c.     Wilcox Memorial Hospital - Outpatient Physical Therapy - Summary

    d.     Gammie Homecare, Inc. - Summary

    e.     St. Francis Home Care - Summary

52.     That the County of Kauai is required to comply with Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12134, and implementing regulation issued by the United States Department of Justice ("Department") 28 C.F.R. Part 35.

53.     That Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12134, and implementing regulation issued by the United States Department of Justice ("Department") 28 C.F.R. Part 35 comprise the "ADA Title II" requirements.

54.     That the ADA Title II required the County of Kauai to conduct a self-evaluation of its services, policies, and practices by July 26, 1992.

55.     That the County of Kauai did not conduct a self-evaluation of its services, policies, and practices by July 26, 1992 as required by the ADA Title II.

56.     That the ADA Title II required the County of Kauai to designate a responsible employee to coordinate its efforts to comply and carry out the County's ADA responsibilities.

57.     That the ADA Title II required the County of Kauai to adopt and publish grievance procedures providing for prompt and equitable resolution of complaints of violations of Title II.

58.     That the ADA Title II required the County of Kauai to operate each program, service, or activity so that, when viewed in its entirety, it is readily accessible to and usable by individuals with disabilities.

59.     That structural changes in the Women's Handicap restroom at Puhi Park were undertaken by the County of Kauai to comply with the obligations under ADA Title II.

60.     That the County of Kauai did not make structural changes in the Women's Handicap restroom at Puhi Park to comply with the obligations under ADA Title II within three years of January 26, 1992.

61.     That if alterations commenced after July 26, 1992, but prior to September 15, 2010, then the alterations were required by the ADA Title II to comply with either the Uniform Federal Accessibility Standards ("UFAS") or the 1991 ADA Standards for Accessible Design ("1991 Standards").

62.     That alterations to the Women's Handicap restroom at Puhi Park commenced after July 26, 1992, but prior to September 15, 2010, and were required to comply with either the Uniform Federal Accessibility Standards ("UFAS") or the 1991 ADA Standards for Accessible Design ("1991 Standards").

63.     That the ADA Title II required the County of Kauai to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.