ALFRED B. CASTILLO, JR.   3132
MAUNA KEA TRASK          8418
Office of the County Attorney
4444 Rice Street, Suite 220
Līhuʻe, Hawaiʻi   96766
Telephone: (808) 241-4930
Facsimile:  (808) 241-6319
E-Mail:  acastillo@kauai.gov
            mtrask@kauai.gov

Attorneys for Defendant
COUNTY OF KAUAʻI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| VERNA RITA,<br><br>        Plaintiff,<br><br>  vs.<br><br>COUNTY OF KAUAʻI, and DOES 1-10,<br><br>        Defendants. | CIVIL NO. CV12-00605 JMS RLP<br><br>DEFENDANT COUNTY OF KAUAʻI'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS AND ANSWER TO INTERROGATORY DATED OCTOBER 9, 2013 |

**DEFENDANT COUNTY OF KAUAʻI'S RESPONSE**
**TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**
**AND ANSWER TO INTERROGATORY DATED OCTOBER 9, 2013**

COMES NOW Defendant COUNTY OF KAUAʻI (hereinafter referred to as "County"), by and through its undersigned attorneys, hereby submits its Response to Plaintiff's First Request for Admissions and Answer to Interrogatory as follows:

# EXHIBIT "2"

## GENERAL RESPONSES AND
## <u>OBJECTIONS TO REQUEST FOR ADMISSIONS</u>

The general responses and objections in response to Plaintiffs' first request for admissions relate to each individually numbered admission in the set, notwithstanding any specific responses and objections. As a preface to each and every response to Plaintiffs' request for admissions, the County reserves the right to amend or supplement these responses as discovery if the case progresses, as new facts are developed and new information is obtained. Therefore, the following responses are given without prejudice to County's right to produce any additional evidence at trial or in connection with any pre-trial proceeding.

County objects to each and every admission to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege.

County objects to any definition or admission that seeks to impose on it any obligations or responsibilities beyond those mandated by the Federal Rules of Civil Procedure ("FRCP").

County objects to any definition or admission that seeks information not in its immediate possession or available through reasonable inquiry.

County objects to each and every admission that itself does not contain a specific description of the information sought. Such as admission is vague, indefinite, ambiguous, and not susceptible to an easily discernible meaning.

2

County makes each response to these admissions without waiving or intending to waive, but on the contrary, preserving and intending to preserve; (a) the right to object on the grounds of competency, privilege, relevance or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceeding, in this action or in any other action; (b) the right to object on any ground, at any time, to admissions, or other discovery procedures, involving or relating to the subject of the request to which County has responded herein; (c) the right at any time to revise, correct, add to clarify any of the answers made herein.

County's objections stated above are hereby incorporated by reference to each and every definition and admission, and shall not be repeated as objections to each and every definition and admission to which they are applicable.

County reserves the right to supplement these answers and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## GENERAL RESPONSES AND OBJECTIONS TO REQUEST FOR ANSWER TO INTERROGATORY

The general responses and objections relate to each individually numbered interrogatory in the set, notwithstanding any specific responses and objections. As a preface to each and every response to Plaintiffs' interrogatory, County reserves the right to amend or supplement these responses as discovery in the case

progresses, as new facts are developed and new information is obtained. Therefore, the following responses are given without prejudice to the County's right to produce any additional evidence at trial or in connection with any pre-trial proceeding.

County objects to each and every interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege.

County objects, as the information sought is not calculated to lead to the discovery of relevant and/or admissible evidence.

County objects, as the information requested may be protected by State and/or Federal laws or regulations.

County objects, as the requests should properly be directed to other party or parties.

County objects, as they are unreasonably burdensome and oppressive, as the information so requested would place an unreasonable burden on the County in expenditure of time and money to retrieve.

County objects to any definition or interrogatory that seeks to impose on its obligations or responsibilities beyond those mandated by the FRCP.

County objects to any definition or interrogatory that seeks information not in its immediate possession or available through reasonable inquiry.

County objects to each and every interrogatory that itself does not contain a specific description of the information sought. Such an interrogatory is vague, indefinite, ambiguous, and not susceptible to an easily discernible meaning.

County makes each response to interrogatory without waiving or intending to waive, but on the contrary, preserving and intending to preserve; (a) the right to object on the grounds of competency, privilege, relevance or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceeding, in this action or in any other action; (b) the right to object on any ground, at any time, to interrogatories, or other discovery procedure, involving or relating to the subject of the request to which the County has responded herein; (c) the right at any time to revise, correct, add to or clarify any of the answers made herein.

County's objects to the requests as it seeks information for which the required good cause or substantial need, as dictated by applicable statutes, court rules, and case law, has not been shown.

County's objections stated above are hereby incorporated by reference to each and every definition and interrogatory, and shall not be repeated as objections to each and every definition and interrogatory to which they are applicable.

County reserves the right to supplement these answers and to raise any additional objections deemed necessary and appropriate in light of the results of

5

any further review.

DATED:    Līhu'e, Kaua'i, Hawai'i, November ____, 2013.


ALFRED B. CASTILLO, JR.
MAUNA KEA TRASK

Attorneys for Defendant
COUNTY OF KAUA'I

## REQUEST FOR ADMISSIONS

1.     Do you admit that Exhibit "1" attached hereto is a true and correct summary of the medical expenses incurred by VERNA RITA for the treatment of the injuries she sustained as a result of this Incident?

Admit _____          Deny __X__

Pursuant to the Definitions and Instructions contained in Plaintiff's First Request for Admissions and Request for Answer to Interrogatory to Defendant County of Kaua'i, "this incident" refers to the fall on November 12, 2010 out of which this case arises and as described in the Complaint filed herein, unless the sense appears to the contrary.  Upon review of all the medical records provided to the County as part of Plaintiff's written settlement offer, specifically Exhibits 10 through 18, it does not appear that Exhibit "1" is a true and correct summary of the medical expenses "incurred by Verna Rita for the treatment of the injuries she sustained as a result of [the] incident."  According to the medical records provided, Ms. Rita's follow up medical visits all related to the fact that the prescriptions she was receiving under her pain management contract were not enough to satisfy her personal needs.  Furthermore, her fracture appeared to be healing fine and even Jason Kaneshige, M.D., Island Orthopedics, stated that, he  "sent Verna for a CT scan to check for a nonunion, and she appears to be at least partially united.  With these findings, I cannot explain why she continues to be nonambulatory."  Further review of the medical records also indicate that Plaintiff incurred much of these medical expenses due to her inability to abide by her pain management agreement and said medical expenses are related to her general congenital condition and chronic pain syndrome which pre-dated this incident rather than from "this incident" itself.

The charge of $223.97 for the "Bed, Semi-electrical w/ Rails & Mattress" from Gammie Home health care, date of service is listed as 223.97 in Exhibit "10".  But according to the corresponding, Evercare notification request from the charge is listed as $223.96.  Also, after review of the medical records there is no evidence to indicate that the "Decubitis Ulcer, Buttock" diagnoses was sustained as a result of "this incident" so County would deny any charges at this time related to any amounts charged to that effect.

2.    Do you admit that Exhibit "1" attached hereto is a true and correct summary of the charges reflected in the bills from VERNA RITA'S health care facilities/providers, and is admissible without any further testimony?

Admit _____                    Deny __X__

The charge of $223.97 for the "Bed, Semi-electrical w/ Rails & Mattress" from Gammie Home health care, date of service is listed as 223.97 in Exhibit "10". But according to the corresponding, Evercare notification request from the charge is listed as $223.96.  Also, after review of the medical records there is no evidence to indicate that the "Decubitis Ulcer, Buttock" diagnoses was sustained as a result of "this incident" so County would deny any charges at this time related to any amounts charged to that effect.

3.    Do you admit that the following exhibits attached hereto are true and correct copies of bills from the following health care facilities/providers, and are authentic and admissible without any further testimony, subject to redaction?

      a.    EMS System Hawai'i Department of Health – Bills – Exhibit "3"

      Admit __X__                    Deny _____

      b.    Wilcox Memorial Hospital – Bills – Exhibit "5"

      Admit __X__                    Deny _____

      c.    Wilcox Memorial Hospital – Outpatient Physical Therapy – Bills – Exhibit "7"

      Admit __X__                    Deny _____

      d.    Kaua'i Medical Clinic – Bills – Exhibit "9"

      Admit __X__                    Deny _____

2

    e.    Gammie Homecare, Inc. – Bills – Exhibit "11"

        Admit _____                   Deny __X__

The charge of $223.97 for the "Bed, Semi-electrical w/ Rails & Mattress" from Gammie Home health care, date of service is listed as 223.97 in Exhibit "10". But according to the corresponding, Evercare notification request from the charge is listed as $223.96.  Also, after review of the medical records there is no evidence to indicate that the "Decubitis Ulcer, Buttock" diagnoses was sustained as a result of "this incident" so County would deny any charges at this time related to any amounts charged to that effect.

    f.    St. Francis Home Care – Bills – Exhibit "13"

        Admit __X__                Deny _____

    g.    KVMH West Kaua'i Clinics – Bills – Exhibit "15"

        Admit __X__                Deny _____

    h.    Jason Kaneshige, M.D., Island Orthopedics, LLC – Bills – Exhibit "17"

        Admit __X__                Deny _____

4.    Do you admit that the following exhibits attached hereto are true and correct summaries of the bills from the following health care facilities/providers, and are admissible without any further testimony?

    a.    EMS Systems Hawai'i Department of Health – Summary – Exhibit "2"

        Admit __X__                Deny _____

    b.    Wilcox Memorial Hospital – Summary – Exhibit "4"

        Admit __X__                Deny _____

c.      Wilcox Memorial Hospital – Outpatient Physical Therapy – Summary – Exhibit "6"

Admit __X__                              Deny _____

d.      Kaua'i Medical Clinic – Summary – Exhibit "8"

Admit __X__                              Deny _____

e.      Gammie Homecare, Inc. – Summary – Exhibit "10"

Admit _____                            Deny __X__

The charge of $223.97 for the "Bed, Semi-electrical w/ Rails & Mattress" from Gammie Home health care, date of service is listed as 223.97 in Exhibit "10". But according to the corresponding, Evercare notification request from the charge is listed as $223.96.  Also, after review of the medical records there is no evidence to indicate that the "Decubitis Ulcer, Buttock" diagnoses was sustained as a result of "this incident" so County would deny any charges at this time related to any amounts charged to that effect.

f.      St. Francis Home Care – Summary – Exhibit "12"

Admit __X__                              Deny _____

g.      KVMH West Kaua'i Clinics – Summary – Exhibit "14"

Admit _____                            Deny __X__

In regarding the date of service entry for 3-21-12, indicating a charge of $142.00.  The procedure code in the summary does not correspond with the procedural code in the bill. The procedural code in the summary is "99213" while the procedural code in the bill is "99214".

h.      Jason Kaneshige, M.D., Island Orthopedics, LLC – Summary – Exhibit "16"

Admit __X__                              Deny _____

4

5.     Do you admit that the treatment received by VERNA RITA, and the charges therefore, as indicated on the attached bills from the following health care facilities/providers, were reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident?

      a.     EMS System Hawai'i Department of Health – Bills – Exhibit "3"

          Admit __X__                  Deny _____

      b.     Wilcox Memorial Hospital – Bills – Exhibit "5"

          Admit __X__                  Deny _____

      c.     Wilcox Memorial Hospital – Outpatient Physical Therapy – Bills – Exhibit "7"

          Admit __X__                  Deny _____

      d.     Kaua'i Medical Clinic – Bills – Exhibit "9"

          Admit in part and Deny in part __X__

The County objects to this question as vague and ambiguous as it pertains to the terms, "reasonable, appropriate, and necessary for the injuries sustained, by Verna Rita as a result of the subject incident."

The County admits that all bills up unto Plaintiff's discharge date from the hospital on December 10, 2010 were reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident.

Pursuant to the Definitions and Instructions contained in Plaintiff's First Request for Admissions and Request for Answer to Interrogatory to Defendant County of Kaua'i, "this incident" refers to the fall on November 12, 2010 out of which this case arises and as described in the Complaint filed herein, unless the sense appears to the contrary. The County believes that the term "subject incident" as used in this request for admission is used synonymously with the phrase "this incident".

Upon review of all the medical records provided to the County as part of Plaintiff's written settlement offer, specifically Exhibits 10 through 18, it does not appear that all of the Kauaʻi Medical Clinic Bills provided in Exhibit "9" were, "reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident." According to the medical records provided, Ms. Rita's follow up medical visits to Kauaʻi Medical Clinic after her discharge were related to the fact that the prescriptions she was receiving under her pain management contract were not enough to satisfy her personal needs. Furthermore, her fracture appeared to be healing fine and even Jason Kaneshige, M.D., Island Orthopedics, stated that, he "sent Verna for a CT scan to check for a nonunion, and she appears to be at least partially united. With these findings, I cannot explain why she continues to be nonambulatory." Further review of the medical records also indicate that Plaintiff incurred much of these medical expenses due to her inability to abide by her pain management agreement and said medical expenses are related to her general congenital condition and chronic pain syndrome which pre-dated this incident rather than from "this incident" itself.

The County Denies that any of the charges accrued after Plaintiff's discharge date were reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident.

e.     Gammie Homecare, Inc. – Bills – Exhibit "11"

Admit __X__                                   Deny _____


f.     St. Francis Home Care – Bills – Exhibit "13"

Admit __X__                                   Deny _____

g.     KVMH West Kauaʻi Clinics – Bills – Exhibit "15"

Admit ____                                     Deny __X__

Based upon review of the medical records from KVMH West Kauaʻi Clinic, it does not appear that the treatment received by VERNA RITA and the charges therefore, as indicated on the relevant bills were reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident. According to the medical records although Dr. Goding was not 100% sure that the fracture had healed all the way based upon his interpretation

of the x-ray, the fixation did look to be intact.  Dr. Oneill observed that Plaintiff was at times clearly histrionic and there is no indication that her alleged injuries from the subject incident concerned Dr. Oneill at all.  Plaintiff's main reasons for continuing to go to the hospital are apparently related to her inability to comply with her pain management agreement.

       h.    Jason Kaneshige, M.D., Island Orthopedics, LLC – Bills – Exhibit "17"

        Admit _____                Deny __X__

Based upon review of the medical records from Jason Kaneshige, M.D., Island Orthopedics, it does not appear that the treatment received by VERNA RITA, and the charges therefore, as indicated on the relevant bills were reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident.  According to Dr. Kaneshige's medical records, Plaintiff's fracture appeared to be healing fine as evidenced by his statement that he, "sent Verna for a CT scan to check for a nonunion, and she appears to be at least partially united.  With these findings, I cannot explain why she continues to be nonambulatory."

6.    Do you admit that the treatment received by VERNA RITA from the following health care, facilities/providers, reflected on the attached summaries, was reasonable, appropriate, and necessary for the injuries sustained by VERNA RITA as a result of the subject incident?

       a.    EMS System Hawai'i Department of Health – Summary – Exhibit "2"

        Admit __X__             Deny _____

       b.    Wilcox Memorial Hospital – Summary – Exhibit "4"

        Admit __X__             Deny _____

       c.    Wilcox Memorial Hospital – Outpatient Physical Therapy – Summary – Exhibit "6"

        Admit __X__             Deny _____

    d.    Kaua'i Medical Clinic – Summary – Exhibit "8"

        Admit in part and Deny in part   __X__

The County objects to this question as vague and ambiguous as it pertains to the terms, "reasonable, appropriate, and necessary for the injuries sustained, by Verna Rita as a result of the subject incident."

The County admits that all bills up unto Plaintiff's discharge date from the hospital on December 10, 2010, were reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident.

Pursuant to the Definitions and Instructions contained in Plaintiff's First Request for Admissions and Request for Answer to Interrogatory to Defendant County of Kaua'i, "this incident" refers to the fall on November 12, 2010 out of which this case arises and as described in the Complaint filed herein, unless the sense appears to the contrary. The County believes that the term "subject incident" as used in this request for admission is used synonymously with the phrase "this incident".

Upon review of all the medical records provided to the County as part of Plaintiff's written settlement offer, specifically Exhibits 10 through 18, it does not appear that all of the Kaua'i Medical Clinic Bills provided in Exhibit "9" were, "reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident." According to the medical records provided, Ms. Rita's follow up medical visits to Kaua'i Medical Clinic after her discharge were related to the fact that the prescriptions she was receiving under her pain management contract were not enough to satisfy her personal needs. Furthermore, her fracture appeared to be healing fine and even Jason Kaneshige, M.D., Island Orthopedics, stated that, he "sent Verna for a CT scan to check for a nonunion, and she appears to be at least partially united. With these findings, I cannot explain why she continues to be nonambulatory." Further review of the medical records also indicate that Plaintiff incurred much of these medical expenses due to her inability to abide by her pain management agreement and said medical expenses are related to her general congenital condition and chronic pain syndrome which pre-dated this incident rather than from "this incident" itself.

The County Denies that any of the charges accrued after Plaintiff's discharge date were reasonable, appropriate, and necessary for the treatment of the injuries

sustained by VERNA RITA as a result of the subject incident.

    e.    Gammie Homecare, Inc. – Summary – Exhibit "10"

        Admit   X                    Deny _____

    f.    St. Francis Home Care – Summary – Exhibit "12"

        Admit   X                    Deny _____

    g.    KVMH West Kaua'i Clinics – Summary – Exhibit "14"

        Admit _____                Deny   X  

Based upon review of the medical records from KVMH West Kaua'i Clinic, it does not appear that the treatment received by VERNA RITA, and the charges therefore, as indicated on the relevant bills were reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident. According to the medical records although Dr. Goding was not 100% sure that the fracture had healed all the way based upon his interpretation of the x-ray, the fixation did look to be intact. Dr. Oneill observed that Plaintiff was at times clearly histrionic and there is no indication that her alleged injuries from the subject incident concerned Dr. Oneill at all. Plaintiff's main reasons for continuing to go to the hospital are apparently related to her inability to comply with her pain management agreement.

    h.    Jason Kaneshige, M.D., Island Orthopedics, LLC – Summary – Exhibit "16"

        Admit _____                Deny   X  

Based upon review of the medical records from Jason Kaneshige, M.D., Island Orthopedics, it does not appear that the treatment received by VERNA RITA, and the charges therefore, as indicated on the relevant bills were reasonable, appropriate, and necessary for the treatment of the injuries sustained by VERNA RITA as a result of the subject incident. According to Dr. Kaneshige's medical records, Plaintiff's fracture appeared to be healing fine as evidenced by his statement that he, "sent Verna for a CT scan to check for a nonunion, and she appears to be at least partially united. With these findings, I cannot explain why she continues to be non ambulatory."

# INTERROGATORY

Interrogatory No. 1   If any of your responses to the foregoing Requests for Admissions is other than a complete and unqualified admission, please state in complete detail:

a.   The reasons for the denial; and

b.   Each and every fact upon which you rely in making your response, or which you believe in any way supports such denial.  Identify each document upon which you rely in making your response, and state full name, current job title and/or position, current home address and business address, including telephone numbers of each witness upon whom you rely in making your response, or whom you intend to call at trial to support such denial, or to support the contentions raised by such a denial, whether or not that witness is an expert witness and/or a lay witness.

Answer:

See answers supra.

# VERIFICATION

STATE OF HAWAI'I          )
                          )     SS.
COUNTY OF KAUA'I          )

MAUNA KEA TRASK, being first duly sworn on oath, deposes and says:

That the foregoing response to admission and answer to interrogatory are true to

the best of my knowledge and belief.

COUNTY OF KAUA'I

By _____

Its: Deputy County Attorney,
Office of the County Attorney

---

State of Hawai'i
County of Kaua'i
Fifth Judicial Circuit

Subscribed and sworn to before me this 14th day of November , 2013, by Mauna Kea
Trask, Deputy County Attorney.

Document description: Defendant County of Kaua'i's Response to Plaintiff's First Request
for Admissions and Answer to Interrogatory to Defendant County of Kaua'i dated October 9, 2013.
Doc. Date Undated No. pages    11

Signature of Notary _____    11/14/2013
                                                    Date

ALLISON A. HIRANAKA
Print Name
My commission expires: July 3, 2015

---