IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS T. O'BRIEN, as Personal Representative of the Estate of VERNA RITA,<br><br>      Plaintiff,<br><br>  vs.<br><br>COUNTY OF KAUAI<br><br>      Defendant. | CIV. NO. 12-605 BMK<br><br>ORDER RE MOTIONS IN LIMINE |

## ORDER RE MOTIONS IN LIMINE

Plaintiff Verna Rita ("Rita"), who is disabled and dependent on a wheelchair, brought this action against Defendant County of Kauai ("County") after she slipped and fell while attempting to access an allegedly non ADA compliant bathroom in Puhi Park. Rita specifically alleged violations of Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, Hawaii Revised Statutes ("HRS") §§ 347-13(a) and 489-3, and for negligence and premises liability.

Rita died unexpectedly on March 8, 2014. Francis T. O'Brien was subsequently appointed Personal Representative of Rita's Estate. In preparation for trial O'Brien ("Plaintiff") and the County filed the Motions in Limine discussed

below.

The Court heard these Motions on May 7, 2014. After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court reached the following conclusions on the parties' Motions in Limine.

I. PLAINTIFF'S MOTIONS IN LIMINE.

A. Motion in Limine No. 1 Re Collateral Source Rule.

Plaintiff seeks to preclude the County from introducing into evidence any document, testimony or reference concerning the payment of her medical expenses by collateral sources. The County argues it should be permitted to introduce "payments not made by Medicaid/Medicare or payments that do not meet the 'reasonable value test,' or evidence of payments made by Medicaid/Medicare for other than the purpose of reducing the amount of the Plaintiff's recovery."

Medical special damages are not limited to the discounted amount actually reimbursed by Medicare/Medicaid, but rather should be based upon the "reasonable value" of medical services. Bynum v. Magno, 101 P.3d 1149, 1162 (Haw. 2004). "Reasonable value" is, in turn, typically established by standard billing rates charged by medical providers. Id. Medicaid/Medicare payments are irrelevant to establishing the reasonable value of medical services and are fully

protected by the collateral source rule.  See id.

Accordingly, any evidence of Medicaid/Medicare payments shall be excluded, and the Plaintiff's Motion No. 1 is GRANTED.

      B.      <u>Motion in Limine No. 2 Re Preclude Defense of Inapplicability and Burden of Relevant Disability Laws</u>.

Plaintiff seeks to preclude the County from arguing that it was not required to comply with the various disability statutes cited in the complaint.  The County does not dispute that it was required to comply with relevant disability laws, rather the County contends that it was either in compliance or that any non-compliance was not the cause of Rita's injuries.  Accordingly, Plaintiff's Motion No. 2 is DENIED

      C.      <u>Motion in Limine No. 3 Re Preclude Undisclosed Defenses</u>.

Plaintiff seeks to preclude the County from arguing any undisclosed "defenses that are either not supported by any facts or are based on undisclosed facts."  The County asserts it will not introduce any undisclosed affirmative defenses for which it has not provided notice, but wishes to reserve the right to raise "any and all defenses either supported by even a scintilla of evidence and or based upon disclosed facts properly introduced at trial."

Plaintiff's Motion No. 3 is GRANTED IN PART AND DENIED IN PART.  The County is precluded from raising undisclosed affirmative defenses

only.

### D. Motion in Limine No. 4 Re Preclude Contrary Evidence Concerning Fall-Related Injuries.

Plaintiff seeks to preclude the County from presenting evidence concerning her fall related injuries. The County asserts it does not intend to dispute that Rita fell and sustained injuries. The County does, however, wish to present evidence concerning the manner and causation of Rita's fall.

To the extent that the County has admitted that Rita received treatment that was "reasonable, appropriate, and necessary for the treatment of the injuries sustained . . . as a result of the subject incident," the County is precluded from arguing otherwise and Plaintiff's Motion No. 4 is GRANTED.

### E. Motion in Limine No. 5 Re Preclude Evidence of Pre-Existing and Post-Discharge Medical Conditions.

Plaintiff seeks to preclude the presentation of evidence concerning Rita's pre-existing medical condition or her medical condition post-hospital discharge. The County states it will not present any evidence regarding Rita's post-discharge condition, but seeks to present evidence regarding her pre-existing condition for the limited purpose of addressing the causation of her fall, not to contest the extent of her special medical damages.

Accordingly, Plaintiff's Motion No. 5 is GRANTED IN PART AND

DENIED IN PART. The County is precluded from presenting evidence regarding Rita's post-discharge medical conditions, but is not precluded from presenting evidence regarding Rita's pre-existing medical conditions.

  F. <u>Motion in Limine No. 6 Re Admitted Facts</u>.

Plaintiff seeks an order from the Court finding that facts admitted in the Federal rules of Civil Procedure Rule 36 Request for Admissions are conclusively established for the purposes of trial. The County has no objection to ordering that most of the Rule 36 Admissions are conclusively established, but contends that admissions 6, 10, 12, 14, and 15 were admitted with substantive objections or qualifications. In addition, the County contends admissions 37, 38, and 60 are inadmissible based on relevance under Federal Rules of Evidence ("FRE") Rules 401 and 403.

The Court holds that the County's attempts to qualify its admissions have no effect and that all County's admissions are conclusively proven. In addition the Court holds that admissions 37, 38, and 60 are relevant and likely admissible. Accordingly, Plaintiff's Motion No. 6 is GRANTED.

II. COUNTY'S MOTIONS IN LIMINE.

    A. Motion in Limine No. 1 to Exclude Testimony And/Or Opinions of Shaylene Iseri-Carvalho Regarding Matters Not Relevant to This Case.

The County seeks to exclude as irrelevant, written statements by Shaylene Iseri-Carvalho contained within Parks and Recreation Committee Minutes dated April 18, 2007, regarding the County's compliance with state and federal ADA requirements under two prior consent decrees. The County asserts that these prior consent decrees and the topics of the Committee meeting in question are irrelevant to the present incident. Plaintiff asserts that Carvalho's statements are relevant to show the County's knowledge and notice of ADA requirements.

To the extent that Plaintiff does not intend to call Iseri-Carvalho as a witness, County's Motion No. 1 is GRANTED.

    B. Motion in Limine No. 2 to Exclude and Limit Opinions of Nancy Cutter, M.D.

County seeks to exclude any new undisclosed opinions of Dr. Cutter, including any testimony connecting Rita's injuries from her fall to her death. Plaintiff attests that there is already an agreement to limit injury claims to the period of Rita's hospitalization and that no new opinions or testimony about Rita's cause of death will be raised. Accordingly, the County's Motion No. 2 is DENIED as Moot.

C. Motion in Limine No. 3 to Exclude Evidence of Liability Insurance.

This Motion is unopposed. Accordingly, County's Motion No. 3 is GRANTED. Rita will not be permitted to introduce evidence of liability insurance.

D. Motion in Limine No. 4 to Exclude Evidence of Subsequent Slip and Fall Accidents at Puhi Park Restroom or Other Similar County Facilities.

Because neither party has any knowledge or evidence of subsequent slip and fall accidents at the Puhi Park restroom, Defendant's Motion No. 4 is GRANTED.

E. Motion in Limine No. 5 to Exclude Undisclosed Expert Opinions.

This Motion is unopposed. Accordingly, the County's Motion No. 5 is GRANTED. Rita will not be permitted to introduce undisclosed expert opinions.

F. Motion in Limine No. 6 to Exclude Richard Gill, PhD.

The County contends that the opinions of Dr. Gill are founded upon "insufficient data and unreliable methods" and therefore do not meet the foundational requirements for expert testimony and should be excluded. Plaintiff contends that Dr. Gill's opinions are based upon simple site measurements and comparisons to published ADA standards, and notes that Dr. Gill's opinions have already been relied on by Judge Seabright in prior dispositive motion deliberations.

See 12/10/13 Order, doc. 49. Additionally, Plaintiffs argue that Motions in Limine are not the proper procedural vehicle for the disqualification of an expert witness.

The Court agrees that a Motion in Limine is not the proper procedural vehicle by which to challenge the qualifications of Dr. Gill. Accordingly, County's Motion No. 6 is DENIED.

> G. Motion in Limine No. 7 to Exclude and Limit Opinions of Richard Gill, Ph.D.

If the opinions of Dr. Gill are not excluded entirely, the County seeks to limit his testimony and opinion to "Human Factors Engineering," and to exclude testimony and opinion regarding the ADA and any connection between alleged ADA violations and Rita's injuries. Plaintiff contends that based upon Dr. Gill's training and experience he is fully qualified to opine on ADA standards and the public bathrooms compliance with those standards.

The County may challenge Dr. Gill's opinions during trial, but the Court will not preemptively limit Dr. Gill's testimony at this time. Accordingly the County's Motion No. 7 is DENIED.

_____

## CONCLUSION

For the foregoing reasons, the Court rules as set out above.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 12, 2014



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Francis T. O'Brien as Personal Representative of the Estate of Verna Rita v. County of Kauai, Civ. No. 12-605 BMK, ORDER RE MOTIONS IN LIMINE